IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| v. | * | Criminal No.: RDB-18-329 |
| KEVIN N. BROWN, | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## **MEMORANDUM ORDER**

Defendant Kevin N. Brown ("Defendant" or "Brown") is currently serving a 60-month term of imprisonment for Possession of a Firearm in Furtherance of a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c)(1)(A). (Judgment, ECF No. 36.) On July 14, 2020, Brown filed a *pro se* Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). (ECF No. 40.) In his filing, Brown argues that he is entitled to compassionate release because his medical conditions have rendered him uniquely susceptible to COVID-19, and he asks that he serve the remainder of his sentence in home confinement. (*Id.*) On September 1, 2020, Brown supplemented his Motion. (ECF No 45.) The Government has not filed a response to Defendant's *pro se* motion. The Defendant's submission has been reviewed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2018). Brown has not demonstrated health risks sufficient for the Court to consider his request, and analysis under the sentencing factors provided in 18 U.S.C. § 3553(a) does not support a reduction in his sentence. For the reasons stated herein, Brown's Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (ECF Nos. 40, 45) is DENIED.

## **BACKGROUND**

On June 14, 2018, Brown was indicted as the sole defendant in a three count Indictment, charging him with Possession of a Firearm and Ammunition by a Convicted Felon, in violation of 18 U.S.C. § 922(g)(1) (Count One); Possession with the Intent to Distribute a Controlled Substance, in violation of 21 U.S.C. § 841(a) (Count Two); and Possession of a Firearm in Furtherance of a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c)(1)(A) (Count Three). (Indictment, ECF No. 1.) On May 30, 2019, Brown pled guilty to Count Three of the Indictment, and not guilty to Counts One and Two of the Indictment, pursuant to a Plea Agreement under Rule 11(c)(1)(c) of the Federal Rules of Criminal Procedure with an agreed upon sentence 60 months of imprisonment. (Arraignment, ECF No. 27; Plea Agreement, ECF No. 24.)

Brown stipulated that on March 24, 2018, an officer with the Baltimore Police Department received information from a reliable confidential informant that a man wearing particular clothing was in a liquor store on Belvedere Avenue in Baltimore armed with a firearm. (ECF No. 24 at 9.) Minutes later, officers entered the store and immediately saw Brown wearing clothing that matched the informant's description. (*Id.*) An officer searched Brown and recovered a firearm from Brown's coat pocket – a SCCY CPX-2 9mm handgun, serial number 440291, loaded with eleven rounds of 9mm ammunition. (*Id.*) The officer also recovered a quantity of a substance containing a mixture of heroin, fentanyl, and 4-Anilino-N-phenethylpiperidine ("4-ANPP") from the Defendant. (*Id.*) The packaging and quantity of the substance was consistent with the intent to distribute it. (*Id.*) Brown agrees that he knowingly possessed the firearm in furtherance of a drug trafficking crime. (*Id.*) On September 23, 2019, this Court sentenced Brown to 60 months' imprisonment on Count Three,

consistent with the 60-month sentence set forth in the Plea Agreement. (Judgment, ECF No. 36.)

In early 2020, the COVID-19 pandemic began to spread throughout the United States. *See In re: Court Operations Under the Exigent Circumstances Created by COVID-19*, Case 1:00-mc-00308, Standing Order 2020-05 (D. Md. Mar. 20, 2020). On July 14, 2020, Brown, who is 28 years old, moved *pro se* for his immediate release in light of the ongoing pandemic, asserting that he suffers from a severe case of epilepsy and asthma which put him at increased risk of severe illness from COVID-19. (ECF No. 40.) Defendant has not provided any medical records substantiating these claims. The Presentence Investigation Report ("PSR") confirms, based on conversations with family members, that Defendant has epilepsy, but makes no mention of Defendant's asthma. (PSR, ECF No. 29 at 14.) On July 30, 2020, the Office of the Federal Public Defender declined to supplement Brown's *pro se* Motion. (ECF No. 44.) The Government has not filed a response to Defendant's *pro se* motion.

## ANALYSIS

The First Step Act of 2018, Pub. L. No. 115–391, 132 Stat. 5194, established significant changes to the procedures involving compassionate release from federal prison. Prior to the First Step Act, 18 U.S.C. § 3582(c)(1)(A)(i) provided the Bureau of Prisons ("BOP") with sole discretion to file compassionate release motions with the Court. With the passage of the First Step Act, defendants are now permitted to petition federal courts directly for compassionate release whenever "extraordinary and compelling reasons" warrant a reduction in sentence. The Act permits a defendant to seek a sentence reduction after he "has fully

exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Once these mandatory conditions are satisfied, this Court may authorize compassionate release upon a showing of "extraordinary and compelling reasons" warranting a reduction; that the defendant is no longer a danger to the community; and a finding that a reduction in sentence is consistent with the factors presented in 18 U.S.C. § 3553(a). 18 U.S.C. § 3582(c)(1)(A)(i); U.S.S.G. § 1B1.13.

## I. Administrative Exhaustion Requirements.

There is no dispute that Brown has satisfied the administrative exhaustion requirements of 18 U.S.C. § 3582(c)(1)(A). (*See* ECF No. 44-1 at 1.) On May 7, 2020, Brown sought compassionate release from the Acting Warden of his institution. (*Id.*) On May 11, 2020, this request was denied by the Acting Warden. (*Id.*) As Brown has exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on his behalf, Brown's motion is properly before this Court.

## II. Extraordinary and Compelling Reasons.

The United States Sentencing Commission is charged with defining "what should be considered extraordinary and compelling reasons for sentence reduction" under 18 U.S.C. § 3582(c)(1)(A). 28 U.S.C. § 994(t). Of relevance here, the Commission has determined that "extraordinary and compelling reasons" exist where a defendant is "suffering from a serious physical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he is not expected to

4

recover." U.S.S.G. § 1B1.13 cmt. n.1(A). Additionally, the Commission has authorized the Bureau of Prisons to identify other extraordinary and compelling reasons "other than, or in combination with" the reasons identified by the Commission. U.S.S.G. § 1B1.13 cmt. n.1(D).

Although potentially useful guides, neither the Sentencing Commission's guidelines nor the Bureau of Prisons' regulations constrain this Court's analysis. As Judge Blake of this Court has recognized, the First Step Act embodies Congress's intent to reduce the Bureau of Prisons' authority over compassionate release petitions and authorizes the district courts to exercise their "independent discretion to determine whether there are 'extraordinary and compelling reasons' to reduce a sentence." *United States v. Bryant*, CCB-95-0202, 2020 WL 2085471, at *2 (D. Md. Apr. 30, 2020). Exercising that discretion, this Court has determined that a heightened susceptibility to COVID-19 may present extraordinary and compelling reasons for a sentence reduction. *See, e.g., United States v. Hurtt*, JKB-14-0479, 2020 WL 3639987, at *1 (D. Md. July 6, 2020).

In his Motion, Brown argues that he is entitled to compassionate release because the combination of the COVID-19 pandemic and the preexisting medical conditions from which he suffers creates a health risk that constitutes an "extraordinary and compelling" reason which justifies a sentence modification. (ECF No. 40.) Brown claims that he suffers from epilepsy and asthma. Although Brown alleges that he suffers from epilepsy, epilepsy is not considered by the Centers for Disease Control and Prevention ("CDC") to increase one's likelihood of becoming severely ill from COVID 19.[1] (ECF No. 40.) Additionally, while Brown asserts that

---

[1] Centers for Disease Control and Prevention, *People with Certain Medical Conditions*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last accessed June 24, 2021).

5

he suffers from asthma, there is no evidence to confirm this claim. Further, even if he does indeed have asthma, the record in this case makes no indication that his asthma is moderate or severe. (ECF No. 40.) The CDC has not indicated that having asthma generally (as opposed to "moderate to severe asthma" specifically) increases one's likelihood of becoming severely ill with COVID-19.[2] *See e.g., United States v. Brown*, No. ELH-01-377, 2020 WL 574194, at *6 (D. Md. Sep. 25, 2020) (holding that asthma that is not "moderate to severe" does not create an extraordinary and compelling reason for release). Accordingly, Defendant has not alleged any medical conditions which this Court will consider as presenting "extraordinary and compelling reasons" for compassionate release.

While the COVID-19 pandemic created an elevated risk for Defendant Brown and others in BOP facilities, the rollout of three vaccines for COVID-19 (Pfizer, Moderna, and Johnson & Johnson), has lowered that risk in recent months. As Judge Hollander of this Court has noted, the BOP has been receiving vaccine shipments since December 16, 2020. *United States v. Graves*, No. ELH-18-17, 20201 WL 1909631, at *8-9 (D. Md. May 11, 2021) (citing Walter Pavlo, *Federal Bureau of Prisons Starts Vaccination of Staff, Inmates Soon Thereafter*, Forbes (Dec. 21, 2020), https://www.forbes.com/sites/walterpavlo/2020/12/21/federal-bureau-of-prisons-starts-vaccination-of-staff-inmates-soon-thereafter/?sh=5683b99aa96f). Since then, vaccination levels have increased: at FCI Fairton, where the Defendant is imprisoned, the BOP reported as of June 24, 2021, that 154 staff members and 609 inmates (out of 877 total inmates)

---

[2] Centers for Disease Control and Prevention, *People with Certain Medical Conditions*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last accessed June 24, 2021).

6

have been inoculated with the vaccine.[3] Additionally, rates of infection have decreased: there are currently two cases of COVID-19 at FCI Fairton.[4] Therefore, the Court finds that given the fact that Brown does not suffer from any condition known to cause severe illness from COVID-19 as well as FCI Fairton's falling COVID-19 infection figures and rising inoculation figures, Brown has not presented extraordinary and compelling reasons for relief.

IV. Application of "Danger to the Community" Factors and 18 U.S.C. § 3553(a).

Even if Brown had presented extraordinary and compelling reasons for a sentence modification, consideration of the sentencing factors under 18 U.S.C. § 3553(a) reveals that he is nevertheless not a suitable candidate for early release. This Court must find extraordinary and compelling circumstances, *as well as* that the defendant would not pose "a danger to the safety of any other person or to the community," U.S.S.G. § 1B1.13(2), and that a reduction in sentence is consistent with the sentencing factors provided in 18 U.S.C. § 3553(a) in order to grant such Motion.

To determine whether a defendant poses a danger to the community, this Court must consider a number of factors, including (1) the nature and circumstances of the offense; (2) the weight of the evidence against him; (3) his history and characteristics; and (4) the nature and seriousness of the danger he would pose to others upon his release. *See* 18 U.S.C. § 3142(g). Analysis under 18 U.S.C. § 3553(a) involves consideration of some of the same factors. Under § 3553(a), the court considers (1) Brown's personal history and

---

[3] Staff who received their vaccination in the community rather than a BOP facility are not reflected in these figures. https://www.bop.gov/coronavirus/ (last accessed June 24, 2021).
[4] Since the beginning of the COVID-19 pandemic, 249 inmates and 75 staff have recovered from COVID-19 at FCI Cumberland. One inmate has died from COVID-19. https://www.bop.gov/coronavirus/ (last accessed June 24, 2021).

characteristics; (2) his sentence relative to the nature and seriousness of his offense; (3) the need for a sentence to provide just punishment, promote respect for the law, reflect the seriousness of the offense, deter crime, and protect the public; (4) the need for rehabilitative services; (5) the applicable guideline sentence; and (6) the need to avoid unwarranted sentencing disparities among similarly-situated defendants. *See United States v. Bryant*, Crim No. 95-202-CCB-3, 2020 WL 2085471, at *4 (D. Md. Apr. 30, 2020).

Looking at each of these factors, this Court finds that a reduction in Brown's sentence is inappropriate. Brown has a criminal history, having been convicted three times as an adult, twice for crimes involving firearms, much like the present case. (PSR, ECF No. 29 at 5-8). He has also previously violated his probation. (*Id.*) Both of these facts demonstrate that he has not been deterred by his periods of incarceration. Additionally, the nature of Brown's current criminal case, possessing a firearm in furtherance of a drug trafficking crime, was serious. Overall, the nature of the crime and Brown's history of recidivism warranted the sentence initially imposed. A reduction at this time, when Brown has nearly half of his sentence left to serve, would be inconsistent with the deterrent effect of the sentence.

## CONCLUSION

Accordingly, for the reasons stated above, it is HEREBY ORDERED this 29th day of June, 2021, that Defendant Brown's Motion for Compassionate Release (ECF Nos. 40, 45) is DENIED.

_____/s/_____
Richard D. Bennett
United States District Judge